UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------
HUMBERTO RIVERA, JR.,

                        Plaintiff,

          -against-

PUTNAM COUNTY, et al.,

                        Defendants.
---------------------------------------------------------------

22-CV-1877 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

Plaintiff, who is proceeding *pro se*, paid the filing fees to commence this action. For the reasons set forth below, the Court dismisses Plaintiff's claims against the Putnam County Sheriff's Office and directs the Clerk of Court to issue summonses as to the remaining defendants.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

## DISCUSSION

**A.     Putnam County Sheriff's Office**

The Court must dismiss Plaintiff's claims against the Putnam County Sheriff's Office. because municipal agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). The Court therefore dismisses Plaintiff's claims against the Putnam County Sheriff's Office. Plaintiff's claims against the Putnam County Sheriff's Office may instead proceed against Putnam County, which Plaintiff has already named as a defendant in this action.

**B.     Order of Service**

The Clerk of Court is directed to issue summonses as to Defendants Putnam County, Robert L. Langley, Jr., Thomas Varbero, and Scott E. Lombardo. Plaintiff is directed to serve the summons and complaint on each Defendant within 90 days of the issuance of the summonses. If within those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

## CONCLUSION

The Court dismisses Plaintiff's claims against the Putnam County Sheriff's Office.

The Clerk of Court is directed to issue summonses as to Defendants Putnam County, Robert L. Langley, Jr., Thomas Varbero, and Scott E. Lombardo.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated: April 1, 2022
White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge