UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
HUMBERTO RIVERA, Jr.,

                            Plaintiff,

       -against-

                                                                          Docket No.: 22-cv-1877(VB)(JCM)

PUTNAM COUNTY, SHERIFF ROBERT L.
LANGLEY, in his official and individual capacities,
DEPUTY SHERIFF THOMAS VARBERO, in his
official and individual capacities, DEPUTY
SHERIFF SCOTT E. LOMBARDO, in his official
and individual capacities,

                            Defendants.
--------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**


                                                    PORTALE RANDAZZO LLP
                                                    *Attorneys for the Defendants*
                                                    245 Main Street, Suite 340
                                                    White Plains, New York 10601
                                                    (914) 359-2400


By:    James A. Randazzo
       Drew W. Sumner

## PRELIMINARY STATEMENT

Defendants Putnam County, Sheriff Robert L. Langley, Deputy Sheriff Thomas Varbero, and Deputy Sheriff Scott E. Lombardo (collectively the "Defendants") submit this memorandum of law in support of their motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff brings this suit pursuant to 42 U.S.C. § 1983 and state law and alleges that on March 2, 2019, Deputy Sheriff Thomas Varbero violated his Fourth Amendment rights by unlawfully entering and searching his residence. *See* Randazzo Decl., Exh. "A" at ¶¶ 8, 11, 13, 17. Plaintiff filed this action on March 3, 2022, and as such, his § 1983 claims are barred by the statute of limitations. Similarly, Plaintiff's state law causes of action for assault, negligent infliction of emotional distress, and false imprisonment are also barred by the statute of limitations.

Moreover, separate from the statute of limitations issues, Plaintiff's conclusory § 1983 claims against Sheriff Langley and Deputy Sheriff Lombardo must be dismissed because Plaintiff fails to allege facts to establish their personal involvement in any constitutional violation. Plaintiff's *Monell* claim against Putnam County must be dismissed because Plaintiff fails to allege any facts that would give rise to a cognizable *Monell* claim.

## STATEMENT OF FACTS[1]

Plaintiff Humberto Rivera, Jr alleges that on March 2, 2019, Putnam County Deputy Sheriff Thomas Varbero unlawfully entered and searched his residence in violation of Plaintiff's rights guaranteed by the Fourth Amendment. *See* Exh. "A" at ¶¶ 8, 11, 13, 17. Plaintiff alleges that

---

[1] For the purposes of this motion the Defendants' statement of facts draws on Plaintiff's Complaint and accepts his well-pleaded factual allegations as true.

Deputy Varbero threatened him with physical harm after unlawfully entering his home. *See id.* at ¶¶ 14, 24-25.

Plaintiff further alleges that Sheriff Langley and Deputy Sheriff Lombardo are liable under § 1983 but bases his theory of liability on threadbare and conclusory allegations of a *Monell* claim against Putnam County. Plaintiff's Complaint is silent as to the personal involvement of Sheriff Langley and Deputy Sheriff Lombardo in any constitutional violation. Plaintiff's *Monell* claim against Putnam County alleges, without any factual support, that Putnam County maintained customs and policies that exhibited deliberate indifference to the rights of persons in Putnam and caused the violation of Plaintiff's rights. *See id.* at ¶ 41. In similar conclusory fashion, Plaintiff alleges that Putnam County failed to exercise reasonable care in its hiring practices and failed to adequately supervise and train its officers. *See id.* at ¶¶ 42-43.

## ARGUMENT

### I.   PLAINTIFF'S 42 U.S.C § 1983 CLAIMS ARE TIME BARRED

Plaintiff's causes of action pursuant to 42 U.S.C. § 1983 are time barred by the statute of limitations and must be dismissed in their entirety. Plaintiff alleges that Deputy Sheriff Varbero violated his Fourth Amendment rights on March 2, 2019 when Deputy Varbero entered and searched his home. *See id.* at ¶¶ 8, 13. Plaintiff commenced this action by filing of a Complaint via ECF on March 3, 2022, three years and a day after the alleged interaction with Deputy Varbero that gave rise to Plaintiff's claims. Plaintiff's § 1983 claim must be dismissed as time barred because § 1983 claims in this District are subject to a three-year statute of limitations. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 79 (2d Cir. 2015) *citing Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) ("In Section 1983 actions, the applicable limitations period is found in the general or residual state statute of limitations for personal injury actions…"); *see*

*also* N.Y. C.P.L.R. § 214(5). Plaintiff's Complaint is untimely by one day and his § 1983 cause of action must be dismissed.

There is a split of authority within the Second Circuit concerning the applicability of former Governor Cuomo's executive orders during the COVID-19 pandemic that tolled New York state's statutes of limitations. *Compare Johnson v. Fargione*, 20-cv-764 (LEK)(CFH), 2021 U.S. Dist. LEXIS 72089 at *7 (N.D.N.Y. Feb. 17, 2021) *with Bonilla v. City of New York*, 20-cv-1704 (RJD)(LB), 2020 U.S. Dist. LEXIS 214410 (E.D.N.Y. Oct. 3, 2020) *and Citi Connect, LLC v. Local Union No. 3, IBEW*, 20-cv-5147 (CM), 2020 U.S. Dist. LEXIS 185796 (S.D.N.Y. Oct. 7, 2020). As some Courts have noted, the federal courts were open and conducting business throughout the COVID-19 pandemic, whereas state courts were closed for periods of time necessitating the toll on statutes of limitations. As such, the Court should apply the typical three year statute of limitations and dismiss Plaintiff's § 1983 claims.

## II.   PLAINTIFF'S STATE LAW CLAIMS ARE SIMILARLY TIME BARRED

Plaintiff's state law claims for assault, negligent infliction of emotional distress, and false imprisonment against Deputy Sheriff Varbero, and the respondeat superior theory of liability against Putnam County, must also be dismissed as they are time barred by the applicable statute of limitations. New York state law provides that "the applicable statute of limitations period under N.Y. Gen. Mun. Law § 50-i(1)(c) is one year and ninety days after the happening of the event on which the claim is based." *Warner v. Goshen Police Dep't*, 256 F. Supp. 2d 171, 175 (S.D.N.Y. 2003). New York County Law similarly provides that Plaintiff's state law claims must have been commenced within one year and ninety days from the date of the occurrence. *See Costabile v. County of Westchester*, 485 F. Supp. 2d 424, 431 fn. 8 (S.D.N.Y. 2007) *citing* N.Y. County Law § 52.

As stated, Plaintiff alleges that the causes of action accrued on March 2, 2019 and he filed suit on March 3, 2022, well after the statute of limitations had expired on his state law claims. Though the statute of limitations governing his state law claims were tolled by executive orders of former Governor Cuomo, the Plaintiff's deadline to file suit passed long before he filed this action on March 3, 2022. Specifically, Governor Cuomo tolled the statutes of limitations applicable to Plaintiff's state law claims on March 20, 2020 through November 3, 2020, a period of 228 days. Plaintiff's deadline to file suit absent the tolling period would have ordinarily expired on May 31, 2020. As such, prior to the tolling period, Plaintiff had exhausted one year and eighteen days of his time under the statute of limitations of one year and ninety days, and therefore had 72 days to file suit after the toll was lifted. Thus, the statute of limitations for Plaintiff to file his state law causes of action expired on January 14, 2021 and his claims are untimely and must be dismissed.

## III.   PLAINTIFF FAILS TO ESTABLISH THE PERSONAL INVOLVEMENT OF SHERIFF LANGLEY AND DEPUTY SHERIFF LOMBARDO

Plaintiff brings a § 1983 claim against Sheriff Langley and Deputy Sheriff Lombardo as his fifth cause of action. Plaintiff's § 1983 claims against Sheriff Langley and Deputy Lombardo must be dismissed because Plaintiff fails to plead any facts whatsoever that establish either Defendants' personal involvement in the alleged constitutional violations. "If a defendant has not personally violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 claim against that defendant." *Raspardo v. Carlone*, 770 F.3d 97, 115-116 (2d Cir. 2014). Absent personal involvement established by well-pleaded factual allegations, the Sheriff Langley and Deputy Lombardo cannot be held liable under § 1983.

To the extent that Plaintiff has attempted to plead the liability of Sheriff Langley and/or Deputy Lombardo, that claim also fails because "a plaintiff must plead and prove that each

4

Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).

As such, the failure to plead personal involvement, and the specific acts that each individual allegedly committed to violate Plaintiff's rights, requires the dismissal of the § 1983 claims against Sheriff Langley and Deputy Lombardo.

## IV.    PLAINTIFF FAILS TO ADEQUATELY PLEAD *MONELL* LIABILITY

Plaintiff asserts threadbare and conclusory allegations against Putnam County in an attempt to state a § 1983 claim against it, but fails to adequately plead any theory of *Monell* liability and the claim must be dismissed. Plaintiff asserts that Putnam County is liable for the alleged constitutional deprivations under because it: (1) "developed and maintained customs or policies exhibiting deliberate indifference to the constitutional rights of persons in Putnam County, New York, which caused the violation of Plaintiff's rights"; "fail[ed] to exercise reasonable care in hiring its police officers…"; and "inadequately supervise[d] and train[ed] its police officers." *See* Exh. "A" at ¶¶ 41-43. Plaintiff fails to identify any of the alleged policies or customs that he claims exhibited Putnam County's deliberate indifference and that was the moving force behind the violation of Plaintiff's rights. Similarly, Plaintiff fails to allege any facts from which the Court could plausibly infer that Putnam County failed to exercise reasonable care in hiring its police officers or failed to adequately train and supervise its officers.

Plaintiff can prove the existence of an official policy by establishing that a municipal employee: (1) acted pursuant to an expressly adopted official policy; (2) acted pursuant to a longstanding practice or custom; or (3) acted as a 'final policymaker.' *See Gerardi v. Huntington Union Free Sch. Dist.*, 124 F. Supp. 3d 206, 225-26 (E.D.N.Y. 2015). Threadbare recitals and conclusory statements simply do not suffice to state a claim. Plaintiff's allegations fail to establish

5

*Monell* liability. Plaintiff fails to identify any formal policy, he fails to offer any evidence of a longstanding and widespread practice that led to the deprivation of his rights, and fails to allege that any individual defendant is a final policymaker and personally involved in the alleged deprivations of rights. As such, Plaintiff's *Monell* claim must be dismissed.

## <u>CONCLUSION</u>

Based on the foregoing, the Defendants request that the Court grant their motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and for such other relief the Court may deem necessary.

Dated: August 19, 2022
      White Plains, New York

                                PORTALE RANDAZZO LLP

                                    /s/ James A. Randazzo
                                James A. Randazzo
                                Drew W. Sumner
                                *Attorneys for the County Defendants*
                                245 Main Street, Suite 340
                                White Plains, New York 10601
                                (914) 359-2400

To:    Humberto Rivera, Jr. (via ECF)
        Pro Se Plaintiff