IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Humberto Rivera Jr.

Plaintiff,

                                                        **22 CV 1877**

Against,                         **AMENDED COMPLAINT**

                                             **TRIAL BY JURY DEMANDED**

PUTNAM COUNTY,

SHERIFF ROBERT L. LANGLEY, JR.
In his official and individual capacities,

DEPUTY SHERIFF THOMAS VARBERO,
In his official and individual capacities,

DEPUTY SHERIFF SCOTT E. LOMBARDO
In his official and individual capacities,

Defendants

**AMENDED COMPLAINT**

Humberto Rivera Jr., hereinafter the claimant sues PUTNAM COUNTY, SHERIFF ROBERT L. LANGLEY, JR.,DEPUTY SHERIFF THOMAS VARBERO, DEPUTY SHERIFF SCOTT E. LOMBARDO hereinafter the defendant(s).

**JURISDICTIONAL ALLEGATIONS**

1. In this case federal question is the basis for federal court jurisdiction 28 USC 1331 and 28 USC

1343.

2. Claimant causes of action arising under the constitution of the United States and 42 USC 1983.

3. Pursuant to the Declaratory Judgment Act, 28 USC 2201 and 28 USC 2202 this court has supplemental jurisdiction over the claimant causes of action arising under NEW YORK STATE law

4. At all times material to this lawsuit, Humberto Rivera Jr was a resident of Putnam County, New York.

5. At all times material to this lawsuit, the defendants PUTNAM COUNTY, SHERIFF ROBERT L. LANGLEY, JR.,DEPUTY SHERIFF THOMAS VARBERO, DEPUTY SHERIFF SCOTT E. LOMBARDO were / are employed by Putnam County NY and governmental agencies of Putnam County NY.

6. All acts necessary or precedent to the bringing of this lawsuit occurred or accrued in Putnam County, New York.

7. Venue lies in the United States District Court Southern District of New York because a substantial part of the events or omissions giving rise to the claim(s) occurred in Putnam County, New york

## BACKGROUND

8. This is an amended action for money damages pursuant to 42 U.S.C. § 1983 and 1988 the Fourth and Fourteenth Amendments to the United States Constitution, and under the law of the State of New York against PUTNAM COUNTY, and SHERIFF ROBERT L. LANGLEY, JR.,DEPUTY SHERIFF THOMAS VARBERO, DEPUTY SHERIFF SCOTT E. LOMBARDO in their individual and official capacities, hereinafter referred to

as defendant(s).

9. On March 2nd, 2019 at or about 11:40-11:45 PM through March 3rd, 2019 at or about 12:15-12:20 AM the defendant deputy sheriff Thomas Varbero came rushing through the front door of my home without permission or consent, absent exigent circumstances or probable cause.

10. The claimant was not intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly.

11. That claimant asked the defendant to explain this intrusion into his home asserting that his Civil Rights were being violated.

13. That without the permission of the claimant the defendant walked into one(1) of the bedrooms in the home.

14. The defendant flashed lights on the claimants' one year old son and mother's face while they slept.

15. Defendant proceeded with interrogations,searches and seizure as he ordered my son's mother to get dressed and leave the bedroom in her pajamas.

16. The defendant perpetuated this intimidation by threatening the Plaintiff by shouting: "Shut up or you're gonna end up in the hospital!"

WHEREFORE Humberto Rivera Jr claimant moves this Honorable Court to enter an Order for monetary, punitive, damages in excess of $2,000,000 against all the Defendants, together with such other and further relief as the Court may deem reasonable and just under the

circumstances. There are witnesses.

# AS AND FOR THE FIRST CAUSE OF ACTION

## 42 USC 1983, Fourth and Fourteenth Amendment Violation

## against defendant deputy sheriff Thomas Varbero

15. Plaintiff realleges and restates and incorporates by reference paragraphs 1-14

16. Plaintiff claims damages under 42 U.S.C. § 1983 for the injuries and damages set forth above against the defendant

17. The defendant proceeded a warrantless search and seizure in the home without consent

18. Violation of plaintiff's constitutional rights under the Fourth 4th Amendment to the United States, to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated.

19. Violation of his constitutional rights under the fourteenth 14th Amendment to the United States. No state shall deprive any person born in the United States life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.

21. The defendant stormed through the front door of the claimants' home like a raging bull charging at the claimant.

22. The claimant pleaded for his family, as they laid sound asleep the defendant stopped and entered the bedroom where they slept.

22. The defendant forcefully ordered the claimant to comply with his orders violating claimants' constitutional rights.

23. That the claimant insisted that deputy sheriff Varbero Identify who, what, where, when and why was the emergency call made for my home?

24. Deputy sheriff Varbero had no identifying information nor did he know the child(s) information whom he had removed from the home

24. The defendant assaulted the claimant by unlawfully offering to intentionally cause harm when the claimant asked questions.

25. The defendant perpetuated this intimidation by threatening the claimant shouting "Shut up or you're gonna end up in the hospital!"

26. The armed PM's present ability to effectuate harm created fear of imminent peril for the Plaintiff when the defendant shouted in the Plaintiffs' face.

27. Evidently there were no exigent circumstances nor probable cause for the search and seizure in the home of the claimant when the defendant stormed out the front door.

28. The defendant gave orders to family members(s) to stay inside the home that they didn't need to look out the door because our child(s) was" with family".

29. The defendant falsely imprisoned claimant by unlawfully detaining him against his will.

30. Defendants had no reason to falsely imprison claimant and his family because he did not reasonably believe that there were exigent circumstances or probable cause for imprisonment.

31. Defendant abused their power by falsely imprisoning claimant against his will.

32. Defendant kept the claimants' child out of the house in cold weather putting a minor (8 years old) in danger.

33. Claimant was assertive to the defendant that he was violating his constitutional

rights including his child(s) and family.

34. The Deputy Sheriff Varbero falsely imprisoned all child(s) and family members that were in the Claimants' home.

35. That on March 3,2019 defendant(s) filed a false police report in order to cover up the constitutional violations against the claimant and his family.

36. The Claimant received the agency report on May 13,2019 through a foil request that was made by claimant on March 26,2019.

37. The agency report that was filed by the defendant(s) have false and incomplete information throughout.

38. The Defendant(s) falsely imprisoned plaintiff by unlawfully detaining him against his will.

39. Defendant(s) had no reason to falsely imprison Plaintiff because he did not reasonably believe that there were exigent circumstances or probable cause for imprisonment.

## AS AND FOR THE SECOND CAUSE OF ACTION

### 42 USC 1983, Fourth and Fourteenth Amendment Violation against defendant(s) deputy sheriff Thomas Varbero, Scott E. Lombardo

40. Claimant realleges and restates and incorporates by reference paragraphs 1-39

41. That on the agency report that was dated March 3, 2019 SCOTT E LOMBARDO here in after the defendant, was the reviewing officer which approved the report on March 14,2019.

42. Defendant's report states Incident Time and Date as Saturday, March, 2nd, 2019 to Saturday, March, 2nd, 2019; 23:20pm to 23:20pm.

43. The agency report shows that the premises weren't entered by the deputy responding to the call there are witnesses of the warrantless entry.

44. The agency report shows the incorrect birthday for the child(s) among numerous discrepancies throughout the police report that lack factual credibility.

45. The defendant(s) approved false information on the report in order to cover up the constitutional violations against the claimant.

46. The agency report shows the incorrect birthday for the child(s).

47. The agency report doesn't show an accurate time of when the defendant(s) completed the call; It's unclear if deputy Scott E Lombardo was within the curtilage of the home

48. The incident days and times shown on the agency report are wrong.

## AS AND FOR THE THIRD CAUSE OF ACTION
## SHERIFF ROBERT L LANGLEY JR

49. Claimant realleges and restates and incorporates by reference paragraphs 1-48

50. That Sheriff ROBERT L LANGLEY JR. here in after defendant(s)communicated with the claimant through conventional mail that the foil request for the police report couldn't be completed because the incident was under criminal investigation.

51. That up to date there is no evidence of a criminal investigation against the claimant.

52. The defendant(s) are aware of these practices in denying foil request for police reports even when there is no criminal investigation.

55. It is public knowledge that Sheriff defendant(s) acted pursuant to a practice or custom as defendant(s) also denied the foil request to people of NYS and PUTNAM COUNTY for a police report when no criminal investigation exist.

56. The defendant(s) failed to train it's deputies according to the Putnam County sheriffs policies.

57. The defendant(s) failed to supervise the performance of the deputies under his supervision and appropriate guidance and control.

58. Unbeknownst to SHERIFF ROBERT L LANGLEY JR the claimant made two(2) separate foil request one (1) through email and one (1) through conventional mail.

59. An employee from the PUTNAM COUNTY SHERIFF OFFICE emailed the agency report to the claimant.

60. On the other hand as previously stated defendant(s) denied the claimants foil request for the police report through conventional mail to cover up the constitutional violations imposed on claimant, contradicting PUTNAM COUNTY SHERIFF'S OFFICE standards of conduct.

61. The defendant violated the claimants due process rights where there was no such criminal investigation neither before nor after the removal of my child(s) from the claimants' Home.

## AS AND FOR THE FOURTH CAUSE OF ACTION

**negligent infliction of emotional distress against defendant Deputy Sheriff Thomas Varbero**

62. Claimant realleges and restates and incorporates by reference paragraph 1-61

63. That the defendant has caused severe emotional distress

64. The defendants' conduct was indecent,atrocious,odious,uncivilized and intolerable.

65. As a result the Plaintiff is embarrassed, ashamed and displaced in his community.

66. The defendant caused anxiety, depression,emotional harm,mental suffering,mental disturbance, medically diagnosed Post Traumatic Stress Disorder, medically diagnosed sleep disorder.

## AS AND FOR THE FIFTH CAUSE OF ACTION

## 42 USC 1983, Fourth and Fourteenth Amendment Violation  AGAINST PUTNAM COUNTY, RESPONDEAT SUPERIOR

67. Plaintiff realleges and restates and incorporates by reference paragraphs 1-66

68. PUTNAM COUNTY here in after the defendant(s)Prior to the date of the cause of this action defendants developed and maintained customs or policies exhibiting deliberate indifference to the constitutional rights of persons in Putnam County, New York, which caused the violation of Plaintiffs' rights.

69. It was the policy and/or custom of the defendants to fail to exercise reasonable care in hiring its police officers, including Defendant deputy Sheriff Varbero thereby failing to adequately prevent constitutional violations on the part of its deputy sheriffs.

70. It was the policy and/or custom of the defendants to inadequately supervise and train its police officers, including Defendant(s) Sheriff Robert L Langley Jr. deputy sheriff Thomas Varbero,Scott E Lombardo thereby failing to adequately discourage further constitutional violations on the part of its deputy sheriffs.

71. As a result of the above described policies and customs, the defendant(s) believed that his actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

72. The above described policies and customs demonstrate a deliberate indifference on the part of Putnam County to the constitutional rights of persons within Putnam County and were the cause of the violations of Plaintiff's rights alleged herein.

73. The defendant(s) failed to abide by it's policy manual for the Putnam County Sheriff's office Thereby violating several standards of conduct.

74. For instance unauthorized or unlawful threatening or attempting to inflict unlawful bodily harm on another.

75. The defendant failed to take disciplinary action when unsatisfactory work was performed including, but not limited to, failure incompetence inefficiencyor delay in performing or carrying out proper orders.

76. It is public knowledge that PUTNAM COUNTY defendant(s) acted pursuant to a practice or custom as defendant(s) failed to exercise reasonable care in hiring and training and enforcing it's policy manual.

77. Claimant realleges and restates and incorporates by reference paragraphs 1-76

78. As a direct and proximate result of the acts of the defendant Plaintiff suffered the following injuries and damages:
   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.
   b. Loss of his physical liberty;
   c. Mental pain and suffering and other mental distress, including Post Traumatic Stress Disorder;
   d. Fear of imminent peril resulting from an offer or attempt to injure him.
   e. The actions of the defendant endangered the child's psychological well-being, autonomy, and relationship to the family.
   f. Defendant unreasonably trespassed into the home violating Humberto's constitutional rights.

WHEREFORE Humberto Rivera Jr Claimant moves this Honorable Court to enter an Order for monetary, punitive, damages in excess of $2,000,000 against all the Defendants, together with

such other and further relief as the Court may deem reasonable and just under the circumstances.

**Claimant address**                                                                                    **s/Humberto Rivera Jr**

**PO BOX 892**

**Brewster , New York**