UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HUMBERTO RIVERA, Jr.,

                         Plaintiff,

     -against-

                                                Docket No.: 22-cv-1877(VB)(JCM)

PUTNAM COUNTY, SHERIFF ROBERT L.
LANGLEY, in his official and individual capacities,
DEPUTY SHERIFF THOMAS VARBERO, in his
official and individual capacities, DEPUTY
SHERIFF SCOTT E. LOMBARDO, in his official
and individual capacities,

                         Defendants.
-------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

                                           PORTALE RANDAZZO LLP
                                           *Attorneys for the Defendants*
                                           245 Main Street, Suite 340
                                           White Plains, New York 10601
                                           (914) 359-2400

By:   James A. Randazzo
       Drew W. Sumner

## PRELIMINARY STATEMENT

Defendants Putnam County, Sheriff Robert L. Langley, Deputy Sheriff Thomas Varbero, and Deputy Sheriff Scott E. Lombardo (collectively the "Defendants") submit this memorandum of law in support of their motion to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff brings this suit pursuant to 42 U.S.C. § 1983 and state law and alleges that on March 2-3, 2019, Deputy Sheriff Thomas Varbero violated his Fourth and Fourteenth Amendment rights by unlawfully entering and searching his residence, unlawfully imprisoning him, and violating his rights to equal protection. *See* Randazzo Decl., Exh. "A" at ¶¶ 8-9, 11, 15, 17-19, 34. Plaintiff also brings state law claims of assault, negligent infliction of emotional distress, and false imprisonment. Plaintiff filed this action on March 3, 2022, and as such, his state law claims are barred by the statute of limitations.

Moreover, separate from the statute of limitations issue, Plaintiff's conclusory § 1983 claims against Sheriff Langley and Deputy Sheriff Lombardo must be dismissed because Plaintiff fails to allege facts to establish their personal involvement in any constitutional violation. Plaintiff's *Monell* claim against Putnam County must be dismissed because Plaintiff fails to allege any facts that would give rise to a cognizable *Monell* claim.

## STATEMENT OF FACTS[1]

Plaintiff Humberto Rivera, Jr alleges that on March 2-3, 2019, Putnam County Deputy Sheriff Thomas Varbero unlawfully entered and searched his residence in violation of Plaintiff's

---

[1] For the purposes of this motion the Defendants' statement of facts draws on Plaintiff's Complaint and accepts his well-pleaded factual allegations as true.

rights guaranteed by the Fourth Amendment. *See* Exh. "A" at ¶¶ 8-9, 11, 13, 15-17[2]. Plaintiff

alleges that Deputy Varbero threatened him with physical harm after unlawfully entering his home.

*See id.* at ¶¶ 24-25.

Plaintiff further alleges that Sheriff Langley and Deputy Sheriff Lombardo are liable under

§ 1983 but bases his theory of liability on threadbare and conclusory allegations of a *Monell* claim

against Putnam County and supervisory liability against Sheriff Langley and Deputy Lombardo.

Plaintiff's Complaint is silent as to the personal involvement of Sheriff Langley and Deputy Sheriff

Lombardo in any constitutional violation. Instead, Plaintiff pleads that Sheriff Langley failed to

properly respond to Plaintiff's FOIL requests and that Deputy Lombardo reviewed and signed a

police incident report that contained allegedly false information. Plaintiff's *Monell* claim against

Putnam County alleges, without any factual support, that Putnam County maintained customs and

policies that exhibited deliberate indifference to the rights of persons in Putnam and caused the

violation of Plaintiff's rights. *See id.* at ¶ 41. In similar conclusory fashion, Plaintiff alleges that

Putnam County failed to exercise reasonable care in its hiring practices and failed to adequately

supervise and train its officers. *See id.* at ¶¶ 42-43.

## ARGUMENT

### I.  PLAINTIFF FAILS TO STATE A FOURTH OR FOURTEENTH AMENDMENT CLAIM AGAINST DEPUTY VARBERO

Plaintiff alleges that Deputy Varbero unlawfully searched and seized him in violation of

the Fourth Amendment and violated his right to equal protection guaranteed by the Fourteenth

---

[2] Plaintiff's Amended Complaint contains multiple paragraphs enumerated with the same designations. For example, page three of the Amended Complaint contains paragraphs enumerated 9-16 (but skips 12) and page four contains additional paragraphs enumerated 15-22 (skipping 20 and duplicating 22). Defendants cite to the paragraphs as listed by Plaintiff, without any attempt to correct the numerical errors.

Amendment. Plaintiff fails to state a claim upon which relief may be granted and his § 1983 causes of action must be dismissed in their entirety. Plaintiff's Amended Complaint is short on factual allegations regarding the underlying events that caused the Putnam County Sheriff's Department to respond to Plaintiff's home, however, the Court may consider the incident report prepared by Deputy Varbero as Plaintiff incorporated same by reference. *See* Exh. "A" at ¶¶ 35-37, 42-48. Deputy Varbero's report demonstrates that Wendy Cotte, Plaintiff's ex-wife and the mother of his children, called the Sheriff's Department with concern for the safety of her daughter who was spending a visitation weekend with Plaintiff. *See* Exh. "B" at 5. The report further demonstrates that Ms. Cotte called police after her daughter called her and stated that she felt unsafe in Plaintiff's presence. *See id.* at 2, 5. Ms. Cotte transported her daughter from Plaintiff's residence back to her home. *See id.* at 6.

Upon these additional facts, conveniently excluded by Plaintiff, it is clear that Defendant Varbero responded to a distress call concerning the safety of a minor. Varbero responded to Plaintiff's home and investigated Ms. Cotte's complaint and confirmed the welfare of Plaintiff's daughter. Varbero's actions in investigating the complaint were based upon probable cause developed through the purported victim's statements and complaints. *See Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001). As such, any purported claim of false imprisonment must be dismissed because any detention of the Plaintiff was based upon probable cause.

Moreover, Plaintiff's false imprisonment claim must be dismissed as he fails to state a claim in that he alleges that he was falsely imprisoned in his own home. To state a claim for false imprisonment, Plaintiff must plausibly allege that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Weyant v. Okst*, 101 F.3d

845, 852 (2d Cir. 1996). Here, no arrest occurred. Plaintiff does not allege that he was taken into custody, but instead alleges that he was falsely imprisoned in his home. This fails to state a false imprisonment or false arrest claim under the Fourth Amendment. "A claim for false arrest must be premised on an actual arrest…" *Bissinger v. City of New York*, No. 06-cv-2325 (WHP), 2007 WL 2826756 at *8 (S.D.N.Y. Sept. 24, 2007) *see also Nazarian v. Compagnie Nationale Air France*, 989 F. Supp. 504, 508 (S.D.N.Y. 1998) (false arrest claim dismissed where no arrest occurred).

## II.  PLAINTIFF FAILS TO STATE AN EQUAL PROTECTION CLAIM

Plaintiff alleges that Defendants violated his right equal protection in violation of the Fourteenth Amendment, but fails to state membership in any protected class, and further, fails to allege that he was treated differently because of membership in a protected class. Plaintiff's conclusory equal protection claim must be dismissed. To the extent that Plaintiff may be attempting to plead an equal protection claim based under a theory of selective enforcement, he must plausibly allege that "(1) [he], compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234 (2d Cir. 2004). Plaintiff fails to allege sufficient factual material from which the Court could infer that he has plausibly stated an equal protection claim and as such the claim must be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)

## III.  PLAINTIFF'S STATE LAW CLAIMS ARE TIME BARRED

Plaintiff's state law claims for assault, negligent infliction of emotional distress, and false imprisonment against Deputy Sheriff Varbero, and the respondeat superior theory of liability against Putnam County, must be dismissed as they are time barred by the applicable statute of

limitations. New York state law provides that "the applicable statute of limitations period under N.Y. Gen. Mun. Law § 50-i(1)(c) is one year and ninety days after the happening of the event on which the claim is based." *Warner v. Goshen Police Dep't*, 256 F. Supp. 2d 171, 175 (S.D.N.Y. 2003). New York County Law similarly provides that Plaintiff's state law claims must have been commenced within one year and ninety days from the date of the occurrence. *See Costabile v. County of Westchester*, 485 F. Supp. 2d 424, 431 fn. 8 (S.D.N.Y. 2007) *citing* N.Y. County Law § 52.

As stated, Plaintiff alleges that the causes of action accrued on March 2-3, 2019 and he filed suit on March 3, 2022, well after the statute of limitations had expired on his state law claims. Though the statute of limitations governing his state law claims were tolled by executive orders of former Governor Cuomo, the Plaintiff's deadline to file suit passed long before he filed this action on March 3, 2022. Specifically, Governor Cuomo tolled the statutes of limitations applicable to Plaintiff's state law claims on March 20, 2020 through November 3, 2020, a period of 228 days. Plaintiff's deadline to file suit absent the tolling period would have ordinarily expired on May 31, 2020. As such, prior to the tolling period, Plaintiff had exhausted one year and eighteen days of his time under the statute of limitations of one year and ninety days, and therefore had 72 days to file suit after the toll was lifted. Thus, the statute of limitations for Plaintiff to file his state law causes of action expired on January 14, 2021 and his claims are untimely and must be dismissed.

## IV.   PLAINTIFF FAILS TO ESTABLISH THE PERSONAL INVOLVEMENT OF SHERIFF LANGLEY AND DEPUTY SHERIFF LOMBARDO

Plaintiff brings a § 1983 claim against Sheriff Langley and Deputy Sheriff Lombardo as his fifth cause of action. Plaintiff's § 1983 claims against Sheriff Langley and Deputy Lombardo must be dismissed because Plaintiff fails to plead any facts whatsoever that establish either

Defendants' personal involvement in the alleged constitutional violations. "If a defendant has not personally violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 claim against that defendant." *Raspardo v. Carlone*, 770 F.3d 97, 115-116 (2d Cir. 2014). Absent personal involvement established by well-pleaded factual allegations, the Sheriff Langley and Deputy Lombardo cannot be held liable under § 1983.

To the extent that Plaintiff has attempted to plead the liability of Sheriff Langley and/or Deputy Lombardo, that claim also fails because "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).

Plaintiff alleges that Sheriff Langley failed to properly respond to a FOIL request. This claim must be dismissed as Plaintiff's vehicle for challenging the sufficiency of a FOIL response is to commence a special proceeding under Article 78 pursuant to New York Public Officers Law § 89(4)(b). Moreover, it is unclear on the face of the Complaint if Plaintiff exhausted his administrative remedies by pursuing an administrative appeal of his FOIL request denial.

As such, the failure to plead personal involvement, and the specific acts that each individual allegedly committed to violate Plaintiff's rights, requires the dismissal of the § 1983 claims against Sheriff Langley and Deputy Lombardo.

## V. PLAINTIFF FAILS TO ADEQUATELY PLEAD *MONELL* LIABILITY

Plaintiff asserts threadbare and conclusory allegations against Putnam County in an attempt to state a § 1983 claim against it, but fails to adequately plead any theory of *Monell* liability and the claim must be dismissed. Plaintiff asserts that Putnam County is liable for the alleged constitutional deprivations under because it: (1) "developed and maintained customs or policies exhibiting deliberate indifference to the constitutional rights of persons in Putnam County, New

6

York, which caused the violation of Plaintiff's rights"; "fail[ed] to exercise reasonable care in hiring its police officers…"; and "inadequately supervise[d] and train[ed] its police officers." *See* Exh. "A" at ¶¶ 68-70. Plaintiff fails to identify any of the alleged policies or customs that he claims exhibited Putnam County's deliberate indifference and that was the moving force behind the violation of Plaintiff's rights. Similarly, Plaintiff fails to allege any facts from which the Court could plausibly infer that Putnam County failed to exercise reasonable care in hiring its police officers or failed to adequately train and supervise its officers.

Plaintiff can prove the existence of an official policy by establishing that a municipal employee: (1) acted pursuant to an expressly adopted official policy; (2) acted pursuant to a longstanding practice or custom; or (3) acted as a 'final policymaker.' *See Gerardi v. Huntington Union Free Sch. Dist.*, 124 F. Supp. 3d 206, 225-26 (E.D.N.Y. 2015). Threadbare recitals and conclusory statements simply do not suffice to state a claim. Plaintiff's allegations fail to establish *Monell* liability. Plaintiff fails to identify any formal policy, he fails to offer any evidence of a longstanding and widespread practice that led to the deprivation of his rights, and fails to allege that any individual defendant is a final policymaker and personally involved in the alleged deprivations of rights. As such, Plaintiff's *Monell* claim must be dismissed.

## CONCLUSION

Based on the foregoing, the Defendants request that the Court grant their motion to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and for such other relief the Court may deem necessary.

Dated: October 31, 2022
        White Plains, New York

                                    PORTALE RANDAZZO LLP


                                    ___/s/ James A. Randazzo_____
                                    James A. Randazzo
                                    Drew W. Sumner
                                    *Attorneys for the Defendants*
                                    245 Main Street, Suite 340
                                    White Plains, New York 10601
                                    (914) 359-2400


To:     Humberto Rivera, Jr. (via ECF)
        Pro Se Plaintiff