UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**HUMBERTO RIVERA, JR.**

                Plaintiff,

vs.

**PUTNAM COUNTY, SHERIFF ROBERT L. LANGLEY, in his official and individual capacities, DEPUTY SHERIFF THOMAS VARBERO, in his official and individual capacities, DEPUTY SHERIFF SCOTT E. LOMBARDO, in his official and individual capacities**

                Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS[1]**

Docket No.: 22-cv-1877

## INTRODUCTION

Plaintiff, Humberto Rivera, Jr., requests that the Court deny the Defendants' motion to dismiss. In the alternative, Plaintiff requests that the Court grant Plaintiff leave to amend Plaintiff's complaint to address any deficiencies identified by the Court. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim. A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (internal quotation marks and citation omitted).

In construing Plaintiff's response, Plaintiff asks that the Court read any new additional facts asserted in this opposition brief as supplementing the operative complaint, as the Court may do with *pro se* litigants. *Nielsen*, 746 F.3d at 63 (overturning the district court's grant of dismissal

---

[1] Portions of this document were prepared with assistance from the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the SDNY.

1

where the complaint and opposition papers to a motion to dismiss when combined stated a claim upon which relief could be granted).

## **FACTS**

Between the hours of 11:40 P.M. on March 2, 2019, and 12:20 A.M. on March 3, 2019, Deputy Sheriff Thomas Varbero and members of the Putnam County Sheriff's Office ("PCSO") facilitated the unlawful removal of Plaintiff's daughter from Plaintiff's home after unlawfully entering and searching the premises.

At or about 11:24 P.M. on March 2, 2019, the PCSO was dispatched to Plaintiff's home to "assist" the New Fairfield, Connecticut Police Department ("NFPD"), who had been wrongfully sent to Plaintiff's Putnam Lake, New York home in response to a request from Plaintiff's daughter's mother, Wendy Cotte, to check on Plaintiff's daughter. *See* Randazzo Decl. Ex. "B" at 1. At or about 11:43 P.M. on March 2, 2019, Varbero and members of the PCSO arrived at Plaintiff's home and spoke with members of the NFPD before unlawfully entering Plaintiff's home. *See id.* at 2; *see also* Pl.'s Am. Compl. at ¶ 9. Upon the PCSO's arrival, Varbero charged towards Plaintiff as if he was going to harm him when an officer from the NFPD informed Varbero and the officers from the PCSO that Plaintiff's family – his fiancée and their one-year-old son – were in the bedroom. Varbero and the other PCSO officers walked directly to the bedroom, let themselves inside without Plaintiff's permission or consent, and shut the door. *See* Pl.'s Am. Compl. at ¶ 13. Varbero and the other PCSO officers proceeded to unlawfully search the bedroom and interrogate Plaintiff's fiancée, waking up their sleeping son in the process. *See id.* at ¶¶ 14-15.

After five minutes, Varbero and the other PCSO officers exited the bedroom and came to speak with Plaintiff, who was sitting at the edge of the kitchen. Plaintiff was scared that his daughter was missing and confused why none of the police officers would tell him what was

2

happening. Plaintiff began loudly asking "where's my daughter" to Varbero and the other PCSO officers. Varbero refused to provide Plaintiff with any information; instead, he threatened Plaintiff by shouting "shut up or you're gonna end up in the hospital." *See id.* at ¶ 16. Plaintiff's fiancée asked to see Plaintiff's daughter, but Varbero refused and locked the front door to prevent Plaintiff and his fiancée from leaving. Plaintiff told Varbero multiple times that Varbero was violating the constitutional rights of Plaintiff and his family. *Id.* at ¶ 33.

After trapping Plaintiff and his fiancée in their home, Varbero went out to Plaintiff's foyer to speak with Cotte, holding the door shut to further prevent Plaintiff from leaving. *See* Randazzo Decl. Ex. "B" at 5. Cotte stated that she had not personally spoken with Plaintiff before calling the police regarding Cotte and Plaintiff's daughter. *See id.* Varbero also spoke with Plaintiff's daughter, who stated that Plaintiff did not hit her or become violent with her. *See id.* Varbero's own report does not indicate that Plaintiff acted violently at all on March 2nd or 3rd.

In fact, Plaintiff posed no threat of harm at all to his daughter. Although Varbero's report describes Plaintiff as "intoxicated," no breathalyzer or field sobriety test was ever administered. *See id.* If such tests had been administered, Plaintiff would have passed as he was not intoxicated or otherwise incapacitated or a threat during the events of March 2, 2019 through March 3, 2019. *See* Pl.'s Am. Compl. at ¶ 10. Moreover, at least two officers from the NFPD verbally and visually assessed whether Plaintiff was intoxicated and stated that he was not intoxicated; that conclusion was communicated to at least one other NFPD officer. Varbero and the other PCSO officers spoke to these NFPD officers upon their arrival at Plaintiff's house and were apprised of the fact that Plaintiff was not intoxicated. *See* Randazzo Decl. Ex. "B" at 5. Further, Plaintiff's fiancée, a New York State Licensed Teacher and Mandated Reporter, was interviewed by

Varbero and was present, not intoxicated, and able to help care for Plaintiff's daughter at all times during the events of March 2nd and 3rd. *See id.*

Nonetheless, Varbero and the PCSO unlawfully allowed Plaintiff's daughter to leave with Cotte in violation of Plaintiff and Cotte's court-ordered custody arrangement. *See id.* at 5-6.

This decision was not only unreasonable and unlawful; it was also undertaken with discriminatory intent based on Plaintiff's status as a man and father. In the past, PCSO had fielded many baseless welfare check requests from Cotte, made as a means to harass the Plaintiff. PCSO was or should have been aware that Cotte's March 2, 2019 call was yet another baseless welfare check request. In fact, Plaintiff informed an NFPD officer that Cotte's call was not actually about the welfare of their daughter, but rather about the co-parenting agreement between the two – a fact that was communicated to Varbero and the PCSO in their initial conversation with the NFPD within the curtilage of Plaintiff's home. Despite this, and despite the fact that Plaintiff posed no risk whatsoever to his daughter, Varbero and the PCSO unlawfully allowed Plaintiff's daughter to be removed from Plaintiff's home and turned over to Cotte based on their unlawful preference for Cotte due to her status as a woman and mother.

## STANDARD OF REVIEW

Here, the defendants have raised various arguments against the causes of action Plaintiff alleged under federal and state law. Plaintiff, a *pro se* litigant, asks the Court to construe the complaint liberally in considering its ruling. Plaintiff does not intend to waive or forfeit any of Plaintiff's causes of action.

## ARGUMENT

### I. PLAINTIFF HAS STATED A FOURTH AMENDMENT CLAIM AGAINST DEPUTY VARBERO

Plaintiff has adequately pled that Varbero violated the Fourth Amendment by falsely imprisoning him in his own home. A claim for false imprisonment requires that "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).

Notably, Plaintiff does not need to show that he was arrested in order to adequately plead a Fourth Amendment violation through false imprisonment. A plaintiff need only show that they were confined, even if that confinement was not accomplished via arrest. *See Johnson v. O'Connel*, 2018 U.S. Dist. LEXIS 179136, at *28 (S.D.N.Y. 2018) ("False arrest is simply an unlawful detention or confinement brought about by means of an arrest rather than in some other way") (citation omitted). Thus, the fact that Plaintiff was not arrested does not defeat his adequately-pled Fourth Amendment claim given that Plaintiff has alleged sufficient facts to show that he was confined.

Defendants have only contested the fourth prong of the *Weyant* false imprisonment test. "It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 586 (1980) (internal quotation marks omitted). When a false imprisonment claim is premised on the warrantless confinement of a plaintiff inside their home, the fourth prong will be satisfied if the defendant lacked probable cause *or* if no exigent circumstances existed. *See Rattray v. City of N.Y.*, 2022 U.S. Dist. LEXIS 166312, at *33-34 n. 7, (S.D.N.Y. 2022) ("Rather, a warrantless arrest inside the home requires both probable cause and a separate exception to the warrant requirement such as exigent circumstances."); *see also United States v. Allen*, 813 F.3d 76, 78 (2d Cir. 2016) (holding that defendant's arrest of plaintiff without a warrant "inside his home…

in the absence of exigent circumstances violated the Fourth Amendment" regardless of whether defendants had probable cause for the arrest).

Plaintiff has adequately pled that Varbero lacked probable cause. When the welfare of a child is concerned, probable cause to search a home for that child does not exist when there is "conclusive evidence that the child is in fact somewhere else." *Sutherland v. City of N.Y.*, 681 F.3d 122, 123 (2d Cir. 2012) (Raggi, J., dissenting). In this case, Varbero and the PCSO conclusively knew that Plaintiff's daughter was not in the house because they had seen Plaintiff's daughter outside the house and had spoken with the NFPD, who had removed Plaintiff's daughter from the house. *See* Randazzo Decl. Ex. "B" at 5. Thus, Plaintiff has adequately pled that Varbero lacked probable cause when he imprisoned Plaintiff within Plaintiff's home. For that reason alone, Plaintiff has shown that the fourth false imprisonment prong was satisfied.

Even if Plaintiff had not adequately pled that Varbero lacked probable cause, Plaintiff has adequately pled that exigent circumstances did not exist. "Exigent circumstances exist when there is an urgent need to render aid, because someone is in distress, or injured or threatened with imminent injury." *Rattray,* 2022 U.S. Dist. LEXIS 166312, at *9 (internal quotation marks and citations omitted). "Even in the context of a child's safety, the mere possibility of danger does not make it objectively reasonable to believe that the circumstances are exigent." *Id.* at *10 (internal quotation marks and citation omitted). In this case, Varbero conclusively knew that Plaintiff's daughter was not inside Plaintiff's home and that Plaintiff had not been violent at all toward Plaintiff's daughter. *See* Randazzo Decl. Ex. "B" at 5. Plaintiff has therefore shown that exigent circumstances did not exist. *See Rattray,* 2022 U.S. Dist. LEXIS 166312, at *9 (holding that exigent circumstances did not exist during a welfare check when Defendants-Officers did not observe any signs that the child was in the home or that Plaintiff had been violent toward the

child); *see also Penree v. City of Utica*, 694 Fed. Appx. 30, 33 (2d Cir. 2017) (holding that exigent circumstances justifying the search of a house did not exist partially because Defendants-Officers could see that all children were outside of the house).

Even if exigent circumstances did exist when Varbero arrived at Plaintiff's home, there was no justification for Varbero to remain in the home once it was conclusively determined that Plaintiff's daughter was not inside. *See Rattray,* 2022 U.S. Dist. LEXIS 166312, at *16 ("Even if Cadavid was justified in conducting a brief search for the child, there are no facts on the record showing that it was reasonable for him to remain in the home after determining the child was not there"). Therefore, Plaintiff has adequately pled that exigent circumstances did not exist when Varbero imprisoned Plaintiff within Plaintiff's home. For that reason alone, Plaintiff has shown that the fourth false imprisonment prong was satisfied.

## II. PLAINTIFF HAS STATED A FOURTEENTH AMENDMENT CLAIM AGAINST DEPUTY VARBERO

Plaintiff has adequately pled that his Fourteenth Amendment substantive and procedural Due Process rights were violated when his daughter was unlawfully removed from his custody. *See Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 275 (2d Cir. 2011) ("The interest of natural parents in the care, custody, and management of their child is a fundamental liberty interest protected by the Fourteenth Amendment") (internal quotation marks and citations omitted).

Plaintiff has also adequately pled a Fourteenth Amendment Equal Protection violation. Deputy Varbero falsified the allegations in the incident report in order to create pre text for constitutional violations. During the violations of March 2-3,2019 the warrantless search and seizure of the claimant,daughter and family wasn't based on empirical facts but rather subjective feelings that favored the caller as a female violating the male hispanic father's rights to equal

protection and due process of law; a practice that has become customary and continued through before, during and after the violations committed against the claimant by the PCSO.Through officer Varbero falsifying the incident report and unlawfully search and seized the claimants home on March 2-3,2019 also declining to give information to Humberto and being clear of the reasons for his violations the defendant must estop from pleading the defense, statute of limitations for the facts that claimant was imprisoned by Varbero and PCSO during the violations that occurred on March 2-3,2019

### III. **PLAINTIFF HAS ESTABLISHED THE PERSONAL INVOLVEMENT OF SHERIFF LANGLEY**

Sheriff Langley failed to follow the putnam county legislatures local laws enacted showing that to withhold a foil request for information such as incident reports in order for it to be privileged and not available upon request to the names indicated in the report, must be privileged to the agency conducting a criminal investigation; as to not jeopardize the investigation nor vulnerable subjects named in the incident report in order to protect the public interest. In the Putnam County sheriff manual In August 2019 Sheriff Langley refused to allow the claimant's Foil request of the police report (the defendants exhibit). When Sheriff Robert Langley personally refused through conventional mail to Humberto that he was denying the request because there was a criminal investigation after the dates of the violations by PCSO. Sheriff Langley intentionally and fraudulently concealed the true facts in order to hide the violations he and his subordinates were committing throughout Putnam County. Constitutional violations that were committed on March 2-3,2019 as evident against the putnam county sheriffs office policy manual PERFORMANCE 320.5.8(a)(b)(c) causing constitutional violations to the claimant.Also the discrimination of his customs put in place where the defendant discriminates

against male fathers' and removes children without warrants from unwed and divorced fathers a wide spread practice enforced by PCSO.

## IV. PLAINTIFF HAS ESTABLISHED THE PERSONAL INVOLVEMENT OF DEPUTY SHERIFF LOMBARDO

Deputy Sheriff Lombardo is personally involved in the fact that as defendant he was the reviewing officer of the falsified police report that he approved with multiple discrepancies in the police report; as stated before, claimants' daughter's birthday was incorrect. Lombardo approved a report with multiple discrepancies including the times on the incident which reflect the same time entering and exiting the home. The incident report falsely indicates that no entrance into the home was made, the time is also omitted in another part of the report as to not show that the PCSO was committing these violations after the AM hours of March 3, 2019 which is incorrect as there are multiple witnesses. Defendant is personally involved when he conspired with Varbero and Sheriff Langley as he knowingly reviewed and approved a fraudulent incident report.

## V. PLAINTIFF HAS ADEQUATELY PLED *MONELL* LIABILITY

Putnam County in its violation of the fourth and fourteenth amendment constitutional rights by the official acts of defendant Deputy Thomas Varbero acted under color of state law; the act[s] of Deputy Thomas Varbero, Scott E. Lombardo and Sheriff Robert Langley Jr deprived the plaintiff of his Constitutional rights under the fourth and fourteenth amendments of the United States Constitution. Defendants failed to act pursuant to an expressly adopted official Policy Manual for the Putnam County Sheriff's Office including but not limited to 320.5.8 PERFORMANCE 320.5.9 CONDUCT or a widespread or longstanding practice or custom of the defendant Putnam County; and the policies of the defendant Putnam County were not adequate to prevent violations of law by the defendants. Putnam County demonstrates the pattern in which

9

it is common knowledge that they have failed to train its police officers to handle the usual and recurring situations with which they must deal. The failure of the defendant Putnam County to prevent violations of law by the defendants PCSO to provide adequate training caused the deprivation of the plaintiff's rights by the defendants; that is, the defendant's failure played a substantial part in bringing about or actually causing the injury or damage to the plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny the motion to dismiss. In the alternative, Plaintiff requests that the Court grant Plaintiff leave to amend Plaintiff's complaint to address any deficiencies identified by the Court, and any other relief this Court deems just and proper.

Dated: November 14, 2022

 s/ Humberto Rivera Jr.
by: Humberto Rivera, Jr., *pro se*

P.O. Box 892
Brewster, New York 10509
Tel: (845) 581-0051
Email: junyour15@gmail.com