```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1-14-26_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HUMBERTO RIVERA, JR.,                        :
                          Plaintiff,         :
                                             :
v.                                           :
                                             :
DEPUTY SHERIFF THOMAS VARBERO, in            :
his official and individual capacities,      :
                          Defendant.         :
------------------------------------------------------------x

**ORDER GRANTING PRO
BONO COUNSEL**

22 CV 1877 (VB)

For the following reasons, plaintiff's application for the Court to request an attorney to represent plaintiff is GRANTED. The Court directs that the Clerk of Court seek pro bono counsel to enter an appearance for the purpose of trial in the above-captioned action.

## LEGAL STANDARD

Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. Id. Even if a court does believe that a litigant should have a free lawyer, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172–73 (2d Cir. 1989).

In Hodge v. Police Officers, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by

successfully applying for leave to proceed in forma pauperis. The court must then consider whether the litigant's claim "seems likely to be of substance." Id. at 61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id. at 61–62; see also Cooper v. A. Sargenti Co., Inc., 877 F.2d at 172. In considering these factors, district courts should not apply bright-line rules. See Hendricks v. Coughlin, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. See Hodge v. Police Officers, 802 F.2d at 61.

## DISCUSSION

On January 8, 2026, plaintiff filed a letter requesting that the court appoint pro bono counsel. (Doc. #97). Based on a review of plaintiff's financial information as described in that letter, the Court concludes plaintiff qualifies as indigent.

On September 10, 2025, the Court granted in part and denied in part defendants' motion for summary judgment. (Doc. #83). Plaintiff's sole surviving claim asserts defendant Varbero unlawfully seized him in violation of his Fourth Amendment rights. The Court denied summary judgment on this claim because a genuine dispute of material fact existed as to whether plaintiff was unlawfully seized under the Fourth Amendment. Accordingly, the Court finds that plaintiff's claim may be of substance. The Court also finds plaintiff's ability, or lack thereof, to present the case at trial weighs in favor of granting plaintiff's application. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." Hodge v. Police Officers, 802 F.2d at 61.

## CONCLUSION

Plaintiff's application for the Court to request an attorney to represent plaintiff is GRANTED.

The Court directs the Pro Se Clerk to attempt to find an attorney willing to accept pro bono appointment in this case through trial.  If an attorney volunteers, the attorney or the Court will contact plaintiff directly.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case pro se.

The next case management conference remains scheduled for February 24, 2026, at 2:00 p.m.  If pro bono counsel has entered an appearance by February 20, 2026, pro bono counsel shall attend the conference.  If pro bono counsel has not entered an appearance by February 20, 2026, the Court will adjourn the conference and notify the parties accordingly.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated:  January 14, 2026
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

3